# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STATE FARM MUTUAL AUTOMOBILE :     No. 3:10cv2460
INSURANCE COMPANY,            :
              **Plaintiff**      :     (Judge Munley)
                               :
           **v.**             :
                               :
DIANE STANLEY;               :
THE ESTATE OF KATHRYN     :
STEVENS, a/k/a KATHRYN R.    :
STEVENS, by the Co-Administrators, :
NICK STEVENS AND NANCY     :
STEVENS;                   :
NICK STEVENS;                :
NANCY STEVENS;             :
KATARZYNA KWAK; and       :
EATERIES, INC. and GARFIELD    :
RESTAURANT AND PUB,        :
           **Defendants**      :

## MEMORANDUM

Before the court for review is plaintiff's complaint (Doc. 1) seeking declaratory judgment under 28 U.S.C. § 2201, *et seq*., the Declaratory Judgment Act. Because we decline to exercise jurisdiction, we will dismiss the case *sua sponte*.

## Background

This action is the result of the death of Plaintiff Kathryn Stevens in an automobile accident on April 16, 2007. (Complaint (Doc. 1) (hereinafter "Complt.") at ¶ 13). Defendants Nick and Nancy Stevens, administrators of Kathryn Stevens's estate, filed an action in the Court of Common Pleas of Monroe County,

Pennsylvania on August 12, 2008 related to their daughter's death.  (Id. at 11).

They named as defendants the owner and driver of the vehicle that struck and killed

their daughter, as well as the proprietors of the restaurant that served her alcohol

and Defendant Dianne Stanley, the owner of a vehicle in which Kathryn Stevens was

riding at some point shortly before her death.  (Id. at ¶¶ 13, 15, 17).   Dianne Stanley

was covered by an automobile insurance policy issued by Plaintiff State Farm at the

time of Stevens's death.  (Id. at ¶¶ 21-22).  In their Monroe County lawsuit, Nick and

Nancy Stevens seek coverage from this policy.  (Id. at ¶ 32).  State Farm insists that

such coverage is unavailable.  (Id. at ¶ 33).

State Farm filed the instant action for declaratory relief in this court on

November 30, 2010.  The complaint seeks a finding from this court that Dianne

Stanley is not entitled to coverage from State Farm under her policy, and that State

Farm has no duty to defend Stanley in the Monroe County lawsuit.  Further, the

plaintiff seeks a declaration that none of the other defendants are entitled to any

proceeds from the State Farm policy issued to Stanley.

**Jurisdiction**

State Mutual Automobile Insurance Company is an Illinois Corporation with its

principal place of business in Bloomington, Illinois and the defendants are citizens of

Pennsylvania.   The amount in controversy in this case exceeds $75,000. This court

therefore has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (establishing that "[t]he

district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–(1)citizens of different States.").

## Discussion

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). The United States Supreme Court has declared that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995). The Third Circuit Court of Appeals has concluded that a court's decision whether to exercise its discretion to hear an action under the Declaratory Judgment Act "requires some inquiry into the scope of the state court proceeding, the nature of defenses available there, and the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." Sate Auto Ins. Co. v. Summy, 234 F.3d 131, 133 (3d Cir. 2001). Further, "[a] federal court should also decline to exercise its discretionary jurisdiction when doing so would promote judicial economy by avoiding duplicative and piecemeal litigation." Id. at 135. These considerations are especially important because "district courts should give serious consideration to the fact that they do not establish state law, but are limited to

3

predicting it." Id.  A court may *sua sponte* exercise its discretion not to hear a case under the Declaratory Judgment Act.  Id. at 136.

The question here is therefore whether the court should exercise its discretion to hear a declaratory judgment action when a related matter is pending in state court.  The plaintiff in the instant action seeks to have this court declare that it has no duty to defend or indemnify Defendant Stanley in the underlying state court suit.[1] Any judgement we issue in this case would turn on contract interpretation under state law, and would depend largely on applying well-settled principles of Pennsylvania law to the factual occurrences that gave rise to the state-court suit. Plaintiff does not ask us to resolve questions of federal statutory or constitutional law which we might be peculiarly qualified to answer.  In short, plaintiff seeks to have this court issue a judgment, based on state law, that will allow the insurance company to avoid any potential obligations in the state suit.  A state court can as easily answer these questions as we can, and there is no need to resort to a federal forum to do so.  See Summy, 234 F.3d at 136 (finding that "the desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum").  Adding our opinion to those of the state court in this case would make the matter unnecessarily more complex.  We

---

[1]We note that it would be premature for us to determine whether plaintiff has a duty to indemnify.  No court has declared any financial obligation resulting from the state court action, and there is therefore no case or controversy regarding whether plaintiff is required to pay monies under the policy.

could not rule on the issues in this case and promote the principle of judicial efficiency.

Accordingly, the court finds that an interest in comity and respect for the judgments of state courts compels use of the court's discretion to decline to exercise jurisdiction in this case. <u>See</u> <u>id.</u> (holding that "[t]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts."). An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STATE FARM MUTUAL AUTOMOBILE** | : | No. 3:10cv2460 |
| **INSURANCE COMPANY,** | : | |
| **Plaintiff** | : | (Judge Munley) |
| | : | |
| **v.** | : | |
| | : | |
| **DIANE STANLEY;** | : | |
| **THE ESTATE OF KATHRYN** | : | |
| **STEVENS, a/k/a KATHRYN R.** | : | |
| **STEVENS, by the Co-Administrators,** | : | |
| **NICK STEVENS AND NANCY** | : | |
| **STEVENS;** | : | |
| **NICK STEVENS;** | : | |
| **NANCY STEVENS;** | : | |
| **KATARZYNA KWAK; and** | : | |
| **EATERIES, INC. and GARFIELD** | : | |
| **RESTAURANT AND PUB,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** to wit, this 30th day of November 2010, the plaintiff's complaint

(Doc. 1) under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, is hereby

**DISMISSED** *sua sponte*. The Clerk of Court is directed to close the case.


**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**